IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| IMADUDIN M. HIRMAS and LINA ALQASEM, individually and as a marital community,<br><br>                         Appellants,<br><br>              v.<br><br>AMAZON.COM, INC., a foreign corporation, AMAZON LOGISTICS, INC., a foreign corporation; and JOHN DOE EMPLOYEE, an individual,<br><br>                    Respondents. | No. 84929-8-I<br><br>DIVISION ONE<br><br><br><br>UNPUBLISHED OPINION |

BOWMAN, J. — Imadudin Hirmas sued Amazon for negligence after he injured his foot by falling into a gap between his delivery truck and the loading dock at an Amazon distribution facility. The case proceeded to bench trial. Hirmas appeals, challenging the trial court's findings of fact and conclusions of law dismissing his claims because he failed to show an unreasonable risk of harm or that Amazon failed to exercise reasonable care. We affirm.

FACTS

Hirmas drives a box truck for Delivery Force. Delivery Force contracts with Amazon for "Last Mile" package delivery. On June 1, 2018, Hirmas arrived at an Amazon distribution facility in Seattle to collect packages for delivery. He backed his truck into position at the loading dock to retrieve the packages. The height difference between the truck and the loading dock and the presence of

bumpers affixed to the face of the loading dock caused a gap between Hirmas' truck and the loading dock.

The loading bay Hirmas parked in was equipped with a dock leveler—a mechanical device used to bridge the gap between a truck and the loading dock. Amazon employees seldom operated the dock leveler on behalf of drivers employed by other companies, but they were available to show drivers how to use it. The distribution facility also made available portable dock plates that a driver could use to manually bridge a gap between a truck and the loading dock.

Hirmas did not use the dock leveler or a portable dock plate. Instead, he repeatedly stepped over the gap while loading packages into his truck. On one of the trips, Hirmas fell into the gap, fracturing his foot. Hirmas sued Amazon for negligence.

In December 2022, the court held a bench trial. At trial, Dr. Jeremy Bauer testified about the industry standards for walkways and whether the Amazon loading dock met those standards. He specifically referred to the federal Department of Labor Occupational Safety and Health Administration (OSHA) standards under 29 C.F.R. 1910.22 (OSHA 1910.22) and the globally recognized industry standards of the ASTM International Technical Committee F-13 on pedestrian/walkway safety and footwear (ASTM F-13). Dr. Bauer testified that both OSHA 1910.22 and ASTM F-13 established minimum requirements for walking surfaces. He explained that OSHA 1910.22 "speaks to walkway hazards and gaps and taking care of or eliminating any gaps if they exist after they have been identified," and ASTM F-13 "talk[s] about walkway safety," including

walkway grading and "changes in height between two surfaces and a walkway." He testified that ASTM F-13 does not allow walkways to have "any gaps greater than a half-inch in the direction someone is walking." According to Dr. Bauer, "going from a truck into the warehouse via a loading dock would be considered a walkway under the industry standards" because it is a "surface that's intended for pedestrian use."

Dr. Bauer testified that he estimated a five- to six-inch gap between Hirmas' truck and the loading dock, which exceeded the maximum standards under OSHA 1910.22 and ASTM F-13. When asked whether there are "specific industry standards governing loading docks," Dr. Bauer answered, "Not that I have seen." Dr. Bauer then explained that because there are no industry standards specific to loading docks, "[t]hey end up defaulting to the larger federal standard . . . [OSHA] 1910.22" addressing walkways.

Dr. Bauer testified that the gap Hirmas repeatedly crossed was an unreasonably hazardous condition. Dr. Bauer also testified that it was foreseeable that drivers might load packages without mitigating the gap to save time. So, he concluded that Amazon should have a system in place to ensure that delivery drivers used a dock leveler to eliminate the hazard.

After trial, the court entered findings of fact and conclusions of law. The court found that Dr. Bauer "briefly testified about studies about injuries at loading docks" but "was unaware of any specific industry standards regarding loading docks." The court concluded that

> Hirmas failed to show that there was an unreasonable risk of harm
> and that Amazon failed to exercise reasonable care. Given the

3

obviousness of the potential danger posed by the gap, the regular use of the loading dock by other drivers, the availability of dock plates, and the lack of evidence of any prior significant injuries occurring at the loading dock, Mr. Hirmas has not shown that there was an unreasonable risk of harm. In addition, in light of these facts and circumstances and the lack of any evidence about standards or practices specifically pertaining to loading docks, Mr. Hirmas has not established that Amazon failed to exercise reasonable care.

The court dismissed Hirmas' claims with prejudice. Hirmas appeals.

ANALYSIS

Hirmas challenges the trial court's finding that Dr. Bauer was unaware of any specific industry standards that apply to loading docks and its conclusion that he "failed to show that there was an unreasonable risk of harm and that Amazon failed to exercise reasonable care."

Findings of Fact

Hirmas argues substantial evidence does not support the trial court's finding that Dr. Bauer "was unaware of any specific industry standards regarding loading docks." We disagree.

Following a bench trial, we review whether substantial evidence supports challenged findings of fact. Sunnyside Valley Irrig. Dist. v. Dickie, 149 Wn.2d 873, 879, 73 P.3d 369 (2003). Evidence is substantial if it is sufficient to persuade a fair-minded, rational person of the declared premise. Merriman v. Cokeley, 168 Wn.2d 627, 631, 230 P.3d 162 (2010). We will not disturb findings of fact supported by substantial evidence even if there is conflicting evidence. Id. Unchallenged findings are verities on appeal. Nguyen v. City of Seattle, 179 Wn. App. 155, 163, 317 P.3d 518 (2014).

4

Here, the trial court asked Dr. Bauer whether there are "specific industry standards governing loading docks." Dr. Bauer answered, "Not that I have seen." Substantial evidence supports the trial court's finding that Dr. Bauer was unaware of any specific industry standards that apply to loading docks.

Hirmas argues the court ignored Dr. Bauer's testimony that the general standards for walkways in OSHA 1910.22 and ASTM F-13 apply to loading docks absent specific industry standards. But those regulations are not industry standards specifically governing loading docks, they govern walkways. We reject Hirmas' challenge to the trial court's finding of fact.

Conclusions of Law

Hirmas argues that the court's findings do not support its conclusion that he "failed to show there was an unreasonable risk of harm and that Amazon failed to exercise reasonable care." Again, we disagree.

After determining whether substantial evidence supports a trial court's findings, we review whether those findings support its conclusions of law. Proctor v. Huntington, 146 Wn. App. 836, 844-45, 192 P.3d 958 (2008), aff'd, 169 Wn.2d 491, 238 P.3d 1117 (2010). In evaluating the sufficiency of evidence, we view all reasonable inferences from the findings in the light most favorable to the prevailing party. Jensen v. Lake Jane Ests., 165 Wn. App. 100, 104, 267 P.3d 435 (2011). While the trier of fact may believe or disbelieve any evidence presented at trial, on appeal, we do not hear or weigh evidence or substitute our opinion for the trier of fact. Quinn v Cherry Lane Auto Plaza, Inc., 153 Wn. App. 710, 717, 225 P.3d 266 (2009).

In an action for negligence, a plaintiff must prove (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). A possessor of land is subject to liability for physical harm caused to its business invitees if it (1) knows or by the exercise of reasonable care would discover the condition that caused harm and should realize that the condition involves an unreasonable risk of harm to such invitees, (2) should expect that the invitee will not discover or realize the danger or will fail to protect themselves against it, and (3) fails to exercise reasonable care to protect the invitee against the danger. Mihaila v. Troth, 21 Wn. App. 2d 227, 233, 505 P.3d 163 (2022) (citing RESTATEMENT (SECOND) OF TORTS § 343 (AM. LAW INST. 1965)).

> "A possessor of land is not liable to his [or her] invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

Mihaila, 21 Wn. App. 2d at 234 (quoting RESTATEMENT (SECOND) OF TORTS § 343A(1)). Harm might be anticipated if, for example, " 'the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable [person] in [their] position the advantages of doing so would outweigh the apparent risk.' " Id. (quoting RESTATEMENT (SECOND) OF TORTS § 343A cmt. f).

Here, the trial court found that "[t]here was a gap between Mr. Hirmas's truck and the loading dock . . . created by the height differential between the truck and the loading dock and the bumpers that were affixed to the face of the loading dock." And the court found Hirmas "was aware that there was a gap."

6

Those unchallenged findings support the court's conclusion that the risk was not unreasonable because it was an open and obvious danger. The court also found that "this facility was equipped with a dock leveler, which was designed to bridge the gap between delivery trucks and the loading dock," that "[p]ortable dock plates, which could bridge a gap between a vehicle and the loading dock, were also available in the facility for drivers to use," and that Amazon employees were available to show drivers how to operate the dock levelers. Those unchallenged findings support the court's conclusion that Amazon exercised reasonable care.

Hirmas argues that in reaching its conclusions, the court overlooked Dr. Bauer's testimony that the gap between the loading dock and box truck violated industry standards, and that even though the gap was obvious, it was foreseeable that workers would continue to load their trucks without the dock leveler to save time. But the trial court need not accept the opinion of an expert; rather, it may accept or reject the expert's testimony according to its judgment of the testimony's persuasiveness. In re Marriage of Pilant, 42 Wn. App. 173, 179-80, 709 P.2d 1241 (1985); Brewer v. Copeland, 86 Wn.2d 58, 74, 542 P.2d 445 (1975).

Hirmas also argues that Amazon admitted the dock plates "were not intended to be used at docks where dock levelers had been installed," and that there was a dock leveler where he was injured. Hirmas' argument misconstrues the testimony of Adrian Lupusoru, a senior operations engineer for Amazon and former shift manager at the facility where Hirmas was injured. Lupusoru testified that the facility had "manually removable dock plates which could be used on the

7

[loading dock bay] doors that perhaps didn't have dock leveling equipment." That testimony does not support Hirmas' argument that dock plates were intended for only docks without dock levelers. Rather, it assumes that truck drivers would use dock levelers when available and points out that drivers could use dock plates in those bays not equipped with the levelers. Indeed, Lupusoru explained that the "dock equipment was there for [truck drivers'] use, so it was up to them how they wanted to use it."[1]

The trial court's findings of fact support its conclusions of law. We affirm dismissal of Hirmas' claims.

WE CONCUR:

_____
Brennan, J

_____
Hazelrigg, ACJ

_____
Smith, C.J.

---

[1] Hirmas also argues that the court gave too much weight to the lack of information about prior falls in the facility because Amazon admitted it does not track that data. But it is the trial court's purview to weigh the evidence or lack of evidence. Jensen, 165 Wn. App. at 104-05. And we will not disturb a trial court's order if its findings of fact support its conclusions of law. Id. at 104.